## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ricky Lee Lidel, | Case No. 22-cv-2918 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| Guy Bosch, et al., | |
| Defendants. | |

This matter comes before the undersigned U.S. Magistrate Judge pursuant to a general assignment made in accordance with 28 U.S.C. § 636 and upon Plaintiff Ricky Lee Lidel's (1) motion to amend the complaint, ("Motion to Amend" [Docket No. 39]); (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ("IFP Application" [Docket No. 2]); (3) motion seeking appointment of counsel, ("Counsel Motion" [Docket No. 19]); and (4) motion requesting service of a summons and the complaint on this action's defendants. ("Service Motion" [Docket No. 41]).

For the following reasons, the Court grants the Motion to Amend and the IFP Application, and denies the Counsel Motion and the Service Motion. The Court further recommends that Plaintiff's official capacity claims for monetary relief be dismissed without prejudice.

## I.      BACKGROUND

Lidel is a prisoner incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota. On February 28, 2023, the Court issued an Order and Report and Recommendation in this action. ("February 2023 Order/R&R" [Docket No. 37]). This February 2023 Order/R&R noted that this action's then-pending allegations "concern[ed] at least three distinct matters": (1) allegations about Plaintiff's experiences with diabetes, cancer, and Covid-19, (Id. at 2); (2)

allegations about a toe injury he suffered in August 2022, (Id. at 3); and (3) allegations about mailroom policies. (Id. at 3–4). The Order/R&R indicated that, as pleaded, the Complaint violated the joinder provisions of the Federal Rules of Civil Procedure. (See Id. at 6–8). The Court therefore ordered Plaintiff to submit an amended complaint. (See Id. at 12).

On March 13, 2023, Plaintiff filed his Motion to Amend with an attached 16-page amended complaint. (See Motion to Amend [Docket No. 39]; Amended Complaint [Docket No. 39-1]). The document makes clear that Plaintiff wants this suit's focus to be his allegations about diabetes and cancer. (See Am. Compl. [Docket No. 39-1] at 10–15). He names as defendants Jesse Pugh, identified as MCF–Rush City's warden; Paul Schnell, identified as the commissioner of the Minnesota Department of Corrections ("MDOC"); and three doctors, Deb Zinken, Robert Fornal, and William Mays, who Plaintiff alleges work at Minnesota correctional facilities. (Id. at 3, 6–8.) All the defendants are sued in their individual and official capacities. (Id. at 9). For relief, Plaintiff asks for compensatory damages of just under $10 million and injunctive relief requiring that MDOC authorities "implement signed, informed and [sic] consent forms for all neuroleptics, antipsychotic and other potentially hazardous drugs." (Id. at 16).

Given the Court's earlier instruction that Plaintiff submit an amended complaint, [Docket No. 37], the Court grants the Motion to Amend. Going forward, the Amended Complaint, [Docket No. 39-1], will serve as this action's operative pleading.

## II.    ANALYSIS

### A.    Amended Complaint

Rather than pay the filing fee for this action, Plaintiff submitted an IFP Application. That application indicates that Plaintiff financially qualifies for *in forma pauperis* status.

Under 28 U.S.C. § 1915, the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" or

claim "at any time if the court determines that . . . the action" or any claim therein "fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); see, e.g., Jideofor v. Home Depot USA Inc., No. 23-cv-0118 (JWB/ECW), 2023 WL 3063182, at *1 n.2 (D. Minn. Mar. 27, 2023), report and recommendation adopted, 2023 WL 3061195 (D. Minn. Apr. 24, 2023); Hunter v. Mayo Clinic, No. 21-cv-0742 (ECT/HB), 2021 WL 1877638, at *2 n.2 (D. Minn. Apr. 16, 2021) (citing cases), report and recommendation adopted, 2021 WL 1873430 (D. Minn. May 10, 2021).

The Amended Complaint does not specify a legal theory on which Plaintiff means to pursue his claims. (See generally Am. Compl. [Docket No. 39-1]) But Plaintiff prepared the original Complaint on a template for use in actions under 42 U.S.C. § 1983, (see Compl. [Docket No. 1] at 1), and so the Court assumes that he means to press federal constitutional claims against Defendants through § 1983 based on Defendant's handling of his medical conditions while incarcerated. See, e.g., Nieves v. Bartlett, 139 S. Ct. 1715, 1721 (2019) (noting that § 1983 "provides a cause of action for state deprivations of federal rights"); Siruk v. Minnesota, No. 20-CV-2667 (SRN/ECW), 2021 WL 2323146, at *3 (D. Minn. Feb. 5, 2021) (making same point (citing case), report and recommendation adopted, 2021 WL 2155769 (D. Minn. May 27, 2021). As noted above, Plaintiff states that he means to sue all Defendants in both their official and their individual capacities.

The Amended Complaint does not distinguish the requests for relief and the capacities in which Plaintiff sues the individual defendants. In other words, the Amended Complaint purports to present both his individual-capacity and official-capacity claims for damages relief and injunctive relief. At least one part of his plan is impermissible: the Amended Complaint's claims

for monetary damages should be dismissed to the extent they purport to target the defendants in their official capacities.

All of the individual defendants are employees of the State of Minnesota, so any official-capacity claims against them are effectively official-capacity claims against the State of Minnesota. See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State." (discussing Kentucky v. Graham, 473 U.S. 159, 166 (1985)); Calzone v. Hawley, 866 F.3d 866, 872 (8th Cir. 2017) (making same point (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).

Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The Amendment uses the phrase "another State," but the United States Supreme Court has made clear that unconsenting States are also immune from their own citizens' federal suits. See, e.g., PennEast Pipeline Co., LLC v. New Jersey, 141 S. Ct. 2244, 2258 (2021) (citing Hans v. Louisiana, 134 U.S. 1 (1890)); Elder v. Gillespie, 54 F.4th 1055, 1062 (8th Cir. 2022) (quoting Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This point is a jurisdictional one: Where Eleventh Amendment sovereign immunity applies, it deprives federal courts of subject matter jurisdiction over the relevant claims. See, e.g., Virginia Off. for Prot. & Advoc. v. Stewart, 563 U.S. 247, 254 (2011).

It is well established that § 1983 claims do not bypass Eleventh Amendment sovereign immunity; indeed, the Supreme Court has established that individuals acting in their official capacities are not "persons" suable under § 1983. See, e.g., Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); Brooks v. Lindlbauer, No. 22-cv-2011 (JWB/LIB), 2023 WL 2976384, at *5 (D. Minn. Mar. 24, 2023),

report and recommendation adopted, 2023 WL 2976034 (D. Minn. Apr. 17, 2023) (discussing cases). There is no indication in the pleadings here that the State of Minnesota has consented to be sued for damages pursuant to claims like Plaintiff's official capacity claim. Thus, the Court recommends that Plaintiff's § 1983 official-capacity claims for monetary damages be dismissed without prejudice (for lack of subject matter jurisdiction).

The Court will, at the present stage, let the case otherwise proceed on Plaintiff's individual capacity claims and his official capacity claims for injunctive relief.

### B.    Plaintiff's Remaining Motions

#### 1.    IFP Application

With this recommendation in place, the Court turns to Plaintiff's various remaining motions. As noted above, the Court concludes that Plaintiff qualifies financially to proceed IFP in this action. The Court therefore grants the IFP Application.

After paying his initial partial filing fee of $43.69, Lidel still owes the remaining portion of this action's filing fee ($306.31), and he will need to pay this amount in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court will therefore direct the Clerk of Court to provide notice of this requirement to authorities at the institution where Lidel is confined.

#### 2.    Counsel Motion

Plaintiff filed his Motion seeking the appointment of counsel on January 19, 2023. This Motion asks the Court to appoint legal counsel free of charge to represent Plaintiff in this civil action. (See Counsel Mot. [Docket No. 19] at 1). The Court denies this motion without prejudice. There is no constitutional or statutory right to appointed counsel in civil litigation. See, e.g., Crozier for A.C. v. Westside Cmty. Sch. Dist., 973 F.3d 882, 889 (8th Cir. 2020) (quoting Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). Whether to appoint counsel in a civil proceeding like the present case is a decision "committed to the discretion of the trial court." McCall v. Benson,

114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." Crozier, 973 F.3d at 889 (citing cases).

At the present time, the Court has no reason to believe that this action is particularly complex, either factually or legally. While Plaintiff has submitted numerous filings whose intent has not always been perfectly clear, by and large the Court believes that he has been able to adequately express his positions and allegations. At this early stage of the proceeding, there is no reason to believe that conflicting testimony will present any difficulties. The Crozier factors, then, counsel in favor of denying Plaintiff's request for appointed counsel.

### 3.    Service Motion

The Service Motion, received by the Court on March 16, 2023, asks the Court to provide for service of summons on the Defendants in this case, and that there be a waiver of fees for such service. As noted above, the Court is granting Plaintiff's IFP application, which provides for service on Plaintiff's behalf through the U.S. Marshalls Service. Given the IFP determination, the Court denies the separate Service Motion as moot.

## III.    Conclusion

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], is **GRANTED**;

2. Plaintiff's Motion for the Appointment of Counsel, [Docket No. 19], is **DENIED**;

3. Plaintiff's Motion to Amend the Complaint, [Docket No. 39], is **GRANTED**;

4. Plaintiff's Motion for Summons and Service, [Docket No. 41], is **DENIED as moot**;

5. Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant;

6. If Plaintiff does not complete and return the Marshal Service Forms within thirty (30) days of this Order's date, it will be recommended that this matter be dismissed without prejudice for failure to prosecute—Marshal Service Forms will be provided to Plaintiff by the Clerk of Court;

7. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants Jesse Pugh, Paul Schnell, Deb Zinken, Robert Fornal, and William Mays consistent with Rule 4(d) of the Federal Rules of Civil Procedure;

8. If a defendant fails without good cause to sign and return a waiver within thirty (30) days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process—absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form; and

9. Plaintiff must pay the unpaid balance—$306.31—of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall

provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's official capacity claims against Defendants be dismissed without prejudice to the extent said claims seek monetary damages.

Dated: May 12, 2023                                    s/Leo I. Brisbois
                                                       Hon. Leo I. Brisbois
                                                       United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. <u>See</u> Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).