UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ricky Lee Lidel,                                      Case No. 22-cv-2918 (KMM/LIB)

       Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

Paul Schnell, et al.,

       Defendants.

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of Title 28 U.S.C. 636.

Plaintiff, who is incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota, filed his operative Amended Complaint, [Docket No. 39-1], on March 13, 2023. Plaintiff's Amended Complaint names the following persons as defendants: Jesse Pugh, identified as warden of the Minnesota Correctional Facility in Rush City, Minnesota where Plaintiff was previously incarcerated; Paul Schnell, identified as the commissioner of the Minnesota Department of Corrections; and three doctors, Deb Zinken, Robert Fornal, and William Mays, who Plaintiff alleges work at Minnesota correctional facilities. (Amended Compl. [Docket No. 39-1]). Plaintiff asserts that all defendants are sued in their individual and official capacities. (Id.).

After the Court conducted a preservice review of Plaintiff's operative Amended Complaint, the Court recommended that Plaintiff's official capacity claims for monetary damages against all defendants be dismissed. (Report and Recommendation [Docket No. 44]).

The Court further recommended that Plaintiff's individual capacity claims and his official capacity claims for injunctive relief be permitted to proceed. (See Id.).

In an Order dated May 12, 2023, the Court granted Plaintiff's request to proceed in forma pauperis. (Order [Docket No. 43]). In its Order, the Court directed Plaintiff to submit properly completed Marshal Service Forms for each defendant within thirty (30) days of the Court's May 12, 2023, Order. (Order [Docket No. 43] at 7). The Court forewarned Plaintiff that if he failed to submit the Marshal Service Forms in the time permitted, it would be recommended that this matter be dismissed without prejudice for failure to prosecute. (Id.).

On May 16, 2023, the Clerk of Court's office mailed Plaintiff a copy of this Court's May 12, 2023, Order. (Letter [Docket No. 46]). The Clerk of Court's office also mailed to Plaintiff Marshal Service Forms for each defendant. (Id.).

On July 13, 2023, the Honorable Katherine M. Menendez issued an Order adopting the undersigned's recommendation that Plaintiff's official capacity claims for monetary damages be dismissed. (Order [Docket No. 51]). The dismissal of Plaintiff's official capacity claims for monetary damages left only Plaintiff's individual capacity claims, as well as, his official capacity claims for injunctive relief. (See Id.).

The time in which Plaintiff was required to submit Marshal Service Forms for each defendant and his remaining claims has long since passed. Plaintiff has, however, failed to provide the Court with properly completed Marshal Service Forms for any defendant. The Court forewarned Plaintiff that unless he complied with the Court's May 12, 2023, Order in the time permitted, the undersigned would recommend dismissal of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Consequently, the undersigned finds that Plaintiff has failed to abide by the terms of the Court's May 12, 2023, Order. [Docket No. 43]. Because the Court forewarned Plaintiff of the potential consequences of his failure to abide by the Court's May 12, 2023, Order, the Court now recommends that Plaintiff's Complaint be dismissed for Plaintiff's failure to comply with the Court's May 12, 2023, Order.

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Complaint be **DISMISSED without prejudice**[1] for Plaintiff's failure to comply with the Court's May 12, 2023, Order.

Dated:  August 28, 2023                                         s/Leo I. Brisbois
                                                               Hon. Leo I. Brisbois
                                                               U.S. MAGISTRATE JUDGE

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[1] Typically, a dismissal pursuant to Rule 41(b) is considered to be a dismissal with prejudice, unless the Court specifically orders otherwise. Fed. R. Civ. P. 41(b). The Eighth Circuit Court of Appeals has, however, cautioned against dismissing a claim with prejudice pursuant to Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Given v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). This is not to say that the Court must find that the litigant "acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (quoting Rodgers v. Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)). However, neither prior warning nor admonition to a litigant is required before a Court may dismiss said litigant's action sua sponte. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000); see, Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In the present case, the Court cannot definitively conclude that Plaintiff's conduct was willful disobedience. Thus, the Court recommends the less severe sanction of dismissal without prejudice.